**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,           )<br>                                              )<br>              Plaintiff,               )<br>                                              )<br> v.                                        )<br>                                              )<br> Magdi Abdelazim Abdalla Youssef, )<br>                                              )<br>              Defendant.             )<br>                                              ) | No. CR 06-667-PHX-SMM<br><br>**ORDER** |

   Pending before the Court is a preliminary issue raised by the parties in their pretrial memoranda and at the Pretrial Hearing held on February 27, 2007. After considering the arguments raised by the parties in their memoranda and at the hearing, the Court issues the following ruling.

**I.   Does 18 U.S.C. § 1015(a) contain an implied materiality requirement in light of *Kungys* and its progeny?**

   Plaintiff, the United States of America ("the Government"), has charged Defendant with making a false statement in an immigration document in violation Title 18 U.S.C. § 1015(a). Relying on *Kungys v. United States*, 485 U.S. 759 (1988), Defendant argues that this statute contains an implied materiality requirement. The Government contends that the Court should apply the plain language of the statute, which makes no explicit mention of materiality. The Court agrees with the Government's interpretation and will not read a materiality requirement into the statute.

Pursuant to well-settled principles of statutory interpretation, a court's "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). If the "statutory language is unambiguous and 'the statutory scheme is coherent and consistent,' then the inquiry must cease." *Id.* (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240 (1989).

Here, the Court finds that the statutory language is unambiguous. Under 18 U.S.C. § 1015(a), "[w]hoever knowingly makes any false statement under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens....shall be fined under this title or imprisoned not more than five years, or both." The statute does not state that a material fact must be the subject of the false statement; rather, it clearly states that *any* false statement made under oath in a naturalization proceeding is prohibited. Moreover, none of the terms used in the statute have a common law meaning that includes a materiality requirement. *See United States v. Wells*, 519 U.S. 482, 490-91 (finding that the term 'false statement' does not have any common law implication of materiality). Finally, when viewed within the context of the statutory scheme, the most obvious inference is that Congress deliberately omitted materiality from § 1015. *See Wells*, 519 at 492 (stating that "[w]hen Congress originally enacted § 1014 as part of its recodification of the federal criminal code in 1948, 62 Stat. 752, it explicitly included materiality in other provisions involving false representations). For example, other statutes located within Chapter 47 of Title 18, such as § 1001(a), expressly include a materiality element.[1] Yet, despite expressly including materiality as an element in

---

[1] 18 U.S.C. § 1001(a) states in relevant part:
Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully–
(1) falsifies, conceals, or covers up by any trick, scheme or device a *material* fact;
(2) makes any *materially* false, fictitious, or fraudulent statement or representation; or
(3) makes or uses any false writing or document knowing the same to contain any *materially* false, fictitious, or fraudulent statement or entry....

1 other statutes within Chapter 47 dealing with false statements, Congress did not include
2 materiality as an element of § 1015(a).  As the Supreme Court stated in *Wells*, "we have
3 frequently cautioned that 'it is at best treacherous to find in congressional silence alone the
4 adoption of a controlling rule of law.'" 519 at 496 (quoting *NLRB v. Plasterers'*, 404 U.S.
5 116, 129-130 (1971)).  Therefore, the Court finds that materiality is not an element 18 U.S.C.
6 § 1015(a).

7 Defendant argues that - while there is no explicit requirement of materiality in this
8 statute-- in light of *Kungys v. United States* and its progeny, a materiality requirement must
9 be inferred in cases charging Title 18 criminal violations of naturalization, citizenship and/or
10 registry of alien laws. 485 U.S. 759 (1988).  However, the Court finds that *Kungys* and its
11 progeny are distinguishable from the present case.  In *Kungys*, materiality was addressed
12 within the context of 8 U.S.C. § 1451(a), which permits denaturalization if citizenship was
13 "procured by concealment of a material fact or by willful misrepresentation."  The Ninth
14 Circuit cases applying the heightened materiality standard of *Kungys* have also involved
15 denaturalization situations. *See United States v. Puerta*, 982 F.2d 1297 (9th Cir. 1992)
16 (incorporating the definition of materiality articulated by Justice Brennan in *Kungys* into
17 statute dealing with the procurement of citizenship contrary to law); *see also United States
18 v. Alferahin*, 433 F.3d 1148 (9th Cir. 2006) (finding that the trial court erred by not including
19 a materiality jury instruction in case involving the procurement of citizenship contrary to
20 law). Unlike *Kungys*, the statute involved in the present case does not mention materiality.
21 Moreover, unlike *Kungys* and the Ninth Circuit cases incorporating its heightened materiality
22 standard, this case does not take place within the context of a denaturalization proceeding.
23 Here, Defendant is charged with making a false statement while attempting to adjust his
24 residency status. The statute he is charged with violating is located within Chapter 47 of Title
25 18, which deals with "Fraud and False Statements."  While there are immigration
26 implications given Defendant's residency status, he is not charged with violating any of the
27 statutes falling under Chapter 69, which deals with "Nationality and Citizenship." Therefore,
28

1  in light of the clear language of the statute, the Court will not include a materiality element
2  in § 1015(a).
3       DATED this 28th day of February, 2007.

```
                              _____
                              Stephen M. McNamee
                              United States District Judge
```